UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CHARLES HARRIS,

                Plaintiff,

   v.

BARBARA COREY,

                Defendant.

No. C16-5844 RJB-KLS

ORDER TO AMEND OR SHOW CAUSE

Plaintiff Ray Charles Harris, proceeding pro se and in forma pauperis, filed a proposed civil rights complaint. The Court declines to serve the complaint because Mr. Harris has failed to state a claim for relief under 42 U.S.C. § 1983. However, Mr. Harris will be given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint to cure, if possible, the deficiencies noted herein.

**DISCUSSION**

Mr. Harris purports to sue his former attorney, Barbara Corey, for alleged retaliation. Mr. Harris states that in 2008, he complained to Ms. Corey about her unethical law practices with regard to the release date of one of her clients. Mr. Harris led a public protest against Ms. Corey and shortly thereafter, her client was released. Later, in 2013, Mr. Harris was arrested for second degree assault and third degree malicious mischief. Barbara Corey was assigned to represent Mr. Harris. Dkt. 1-1, p. 3. Thereafter, on September 16, 2013 at a scheduled court

ORDER TO AMEND OR SHOW CAUSE- 1

hearing, Ms. Corey allegedly refused to file motions on his behalf, lied about discovery, failed to communicate with him, worked with the state prosecutor, and tampered with court transcripts. *Id.*, pp. 3-4. Mr. Harris also claims that although Ms. Corey ultimately withdrew from his case, she "continued to retaliate see: Case No. 3:16-CV-05044-BHS-DWC." *Id.*, p. 4.

In Case No. 16-5044, Mr. Harris asserts that "on or about January 1, 2016," Attorney Corey "plotted with" Mark Lindquist and Attorney Robert M. Quillian, Mr. Harris' attorney, to send Mr. Harris to prison without evidence of a charge of fourth degree assault. Mr. Harris claims that they hired two false witnesses to testify as to the injuries of the complaining victim. Mr. Harris was found guilty of fourth degree assault and sentenced to 34 months in prison in the criminal case underlying his claims in Case No. 16-5044. *See* Dkt. 13, pp. 6-7 (therein).

Mr. Harris brings this action under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Mr. Harris' complaint fails to state a cognizable claim under § 1983. First, he has not named a proper defendant, *i.e.,* one who acted under color of state law while allegedly depriving him of rights secured by the Constitution or federal statutes. *See Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). A state public defender performing traditional

ORDER TO AMEND OR SHOW CAUSE- 2

lawyer functions is not a state actor. *Polk County,* 454 U.S. at 324-25; *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). Here, Mr. Harris alleges that Ms. Corey, in her position as his attorney and public defender, is liable under § 1983. As Ms. Corey is not a state actor and therefore cannot be liable under § 1983, Mr. Harris must show cause why his claims against her should not be dismissed for failure to state a claim.

Second, Mr. Harris previously brought a claim against Ms. Corey for retaliation in his previous case (Case No. 16-5044). He must show cause why his claims here are not duplicative and/or cannot be pursued in his previous case.

Third, Mr. Harris' claims against Ms. Corey in this case appear to be barred by the applicable statute of limitations. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2). Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979). Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy,* 745 F.2d 1221, 1228–30 (9th Cir.1984).

ORDER TO AMEND OR SHOW CAUSE- 3

From the allegations in Mr. Harris' complaint, it appears that he had actual notice in September of 2013 of the facts relating to the claim of retaliation against Ms. Corey. He did not file this lawsuit until October 3, 2016. Therefore, his claims may not timely and he should show cause why they should not be dismissed.

Finally, Mr. Harris must show why his claims are not barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). When a state prisoner brings a § 1983 action for damages or injunctive relief, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, sentence, or confinement. *Id*. at 487-90. "[I]f it would, the complaint must be dismissed," unless the plaintiff can demonstrate that the conviction or confinement has already been invalidated, expunged, or otherwise impugned. *Id.* at 487; *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997). Mr. Harris states that he was charged in 2013, but does not state whether he was found guilty and if so, whether he successfully challenged his judgment and sentence.

Due to the deficiencies described above, the Court will not serve the complaint. Mr. Harris may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before November 18, 2016.** If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived.

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C.

ORDER TO AMEND OR SHOW CAUSE- 4

§ 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information Sheet.**

**DATED** this 19th day of October, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 5