UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY CHARLES HARRIS,<br><br>          Plaintiff,<br><br>  v.<br><br>BARBARA COREY,<br><br>          Defendants. | Case No. 3:16-cv-05844RJB-TLF<br><br>ORDER DENYING MOTION TO WAIVE FILING FEE |

This matter comes before the Court on plaintiff Ray Charles Harris's motion to waive filing fee. Dkt. 8. Mr. Harris's motion simply states that he is asking to Court to waive the filing fee in the above case number. *Id.* at p. 1. He does not state why. This case, however, was closed more than a year ago on November 9, 2016, based on a notice of voluntary dismissal of the complaint Mr. Harris himself filed. Dkt. 7.

To the extent Mr. Harris seeks to re-open this case, that avenue is foreclosed. Although a properly filed notice of dismissal results in a dismissal of the complaint "without prejudice" (Federal Rule of Civil Procedure ("FRCP") 41(a)(1)(B)), this does not mean the same complaint in the same case may subsequently be revived. This is particularly true where so much time has

ORDER DENYING MOTION TO WAIVE FILING FEE - 1

passed since the voluntary dismissal.

If Mr. Harris is seeking to alter or amend a judgment, there has been no judgment in this case – a voluntary dismissal prior to the filing of a responsive pleading does not count as one – and even if a judgment had been entered, the time for seeking to alter or amend it has long passed. FRCP 59(e). The same is true for any attempt to seek relief from a judgment or other order. FRCP 60(c). Nor has Mr. Harris made any showing that he has satisfied the grounds for seeking such relief. FRCP 60(b).

Lastly, it may be that Mr. Harris desires to no have to pay the $350.00 filing fee under the above cause number as required by 28 U.S.C. § 1915. However, Mr. Harris applied for and was granted *in forma pauperis* status. Dkt. 4. In order to be granted that status, he was required to, and did, sign an Acknowledgment and Authorization form, in which he expressly acknowledged that he would be responsible for full repayment of the filing fee. Dkt. 1, p. 3. Mr. Harris further authorized the agency having custody over him to collect money from his prison account for that purpose. *Id.*

That Mr. Harris himself subsequently decided to voluntarily dismiss his complaint does not relieve him of his obligation to repay the full amount of the filing fee. Further, Mr. Harris has not offered any reasons for being relieved of this obligation. Even if Mr. Harris had, nothing in 28 U.S.C. § 1915 provides for or contemplates relief therefrom, regardless of how the underlying civil action has been resolved.

Accordingly, for the foregoing reasons, Mr. Harris's motion to waive filing fee (Dkt. _8 is DENIED. If Mr. Harris desires to pursue legal action on the basis of the claims contained in the complaint he originally filed in this matter or any other claims he may have – as opposed to merely seeking to avoid his obligation to pay the filing fee here – he must do so by filing a new

complaint under a new and separate cause number.

The Clerk shall send a copy of this Order to the plaintiff.

Dated this 30th day of November, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION TO WAIVE FILING FEE - 3